# United States District Court
# Central District of California

| | |
|---|---|
| MISSION CREEK BAND OF MISSION INDIANS, ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> RYAN ZINKE, ET AL.; and DOES 1–10, <br><br> Defendants. | Case No. 5:16-cv-00569-ODW(SPx) <br><br> **ORDER DENYING, WITHOUT PREJUDICE, MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFFS [73]** |

On February 13, 2018, Plaintiffs' counsel, Maddox | Isaacson | Cisneros LLP ("Maddox"), moved for leave to withdraw as counsel in this case governed by the Administrative Procedure Act. (Mot., ECF No. 73.) Maddox seeks to withdraw because it has been unable to effectively communicate with its clients, rendering it unable to continue its representation and prepare a motion for summary judgment. (Mot. 4.)

## I. MOTION TO WITHDRAW

Maddox relies on California Rule of Professional Conduct Rule 3-700(C)(1)(d), which provides for permissive withdrawal of counsel where the client, "renders it difficult to carry out the employment effectively…."

Central District Local Rule 83-2.3 provides:

> An attorney may not withdraw as counsel except by leave of court. A motion for leave to withdraw must be made upon written notice given reasonably in advance to the client and to all other parties who have appeared in the action. The motion for leave to withdraw must be supported by good cause. Failure of the client to pay agreed compensation is not necessarily sufficient to establish good cause.

It also provides that where an attorney represents an organization of any kind, the attorney "must give written notice to the organization of the consequences of its inability to appear pro se." C.D. L.R. 83-2.3.4. This notice requirement is derivative of Local Rule 83-2.2.2, which provides: "No organization or entity of any other kind (including corporations, limited liability corporations, partnerships, limited liability partnerships, unincorporated associations, trusts) may appear in any action or proceeding *unless represented by an attorney* permitted to practice before this Court under L.R. 83-2.1." (emphasis added).

In his declaration, Plaintiffs' counsel testifies that he "provided notice to each Plaintiff that this Motion would be filed on February 12, 2018." (Decl. of Norberto Cisneros ("Cisneros Decl.") ¶ 5.) On February 15, 2018, Maddox filed a certificate of service indicating that it served its motion on "Sherry Livingston and Tony Lopez Mission Creek Band of Mission Indians," Desiree Salinas, and Carlos Salinas. (Cert. of Serv., ECF No. 75.) The remaining plaintiffs include: Mission Creek Band of Mission Indians, Toney Lopez, III, Desiree Salinas, and Carlos Salinas.[1] The Cisneros Declaration does not explain that counsel notified his client, Mission Creek Band of Mission Indians, that it was subject to Local Rule 83-2.2.2, or that it would be required to retain new counsel to continue with this action.

In addition to the deficiency concerning notice to Mission Creek Band of Mission Indians, Cisneros fails to detail the factual basis for withdrawal in his declaration; instead, the only details regarding his inability to effectively represent his

---

[1] On January 19, 2018, the Court dismissed plaintiff Gabriela Lyles without prejudice on stipulation of the parties. (Order, ECF No. 70.)

clients appear in the memorandum of points and authorities accompanying this Motion. Maddox must set forth the factual basis for withdrawal in a declaration made under penalty of perjury. The Court is mindful of the attorney-client privilege, and does not imply that counsel should set forth the basis in detail, but an argument in briefing without a declaration from counsel is insufficient. Accordingly, the Court **DENIES** Maddox's Motion, without prejudice.

## II. PENDING DATES AND DEADLINES

On January 31, 2018, the Court continued the briefing schedule relating to the parties' anticipated dispositive motions. (Order, ECF No. 72.) Plaintiffs' deadline to move for summary judgment is March 2, 2018. (*Id.*) Given Maddox's desire to withdraw and the impending deadline to file a motion for summary judgment, the Court **VACATES** the current briefing schedule. (*Id.*) If Maddox wishes to withdraw as counsel, it must move to withdraw under the parameters set forth above, and before **March 2, 2018**. Should Maddox fail to do so, the Court will reinstate a revised briefing schedule.

## III. CONCLUSION

For the reasons above, the Court rules, as follows:

1. Maddox shall serve this Order on its clients and file a proof of service of the same before **February 28, 2018**;
2. Maddox may move to withdraw, as outlined above, before **March 2, 2018**; and
3. Should Maddox fail to move to withdraw before March 2, 2018, the Court will issue another briefing schedule.

**IT IS SO ORDERED.**

February 20, 2018

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**