**O**

# United States District Court
# Central District of California

| | |
|---|---|
| MISSION CREEK BAND OF MISSION INDIANS, ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> RYAN ZINKE, ET AL.; and DOES 1–10, <br><br> Defendants. | Case No. 5:16-cv-00569-ODW(SPx) <br><br> **ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFFS [78]; AND ORDERING PLAINTIFFS TO SHOW CAUSE** |

On February 13, 2018, Plaintiffs' counsel, Maddox | Isaacson | Cisneros LLP ("Maddox"), moved for leave to withdraw as counsel in this case, which is governed by the Administrative Procedure Act. (ECF No. 73.) The Court denied Maddox's first Motion to withdraw because it did not adequately notify its clients of its intent to withdraw, and the consequences, if the Court granted the motion. (*See* Order, ECF No. 77.) As part of its prior Order, the Court also vacated the briefing schedule. (*Id.*) On February 28, 2018, Maddox moved to withdraw again. (Mot., ECF No. 78.) For the reasons below, the Court **GRANTS** Maddox's Motion to Withdraw, subject to the constraints discussed below.

# I. MOTION TO WITHDRAW

Maddox relies on California Rule of Professional Conduct Rule 3-700(C)(1)(d), which provides for permissive withdrawal of counsel where the client, "renders it difficult to carry out the employment effectively…."

Central District Local Rule 83-2.3 provides:
> An attorney may not withdraw as counsel except by leave of court. A motion for leave to withdraw must be made upon written notice given reasonably in advance to the client and to all other parties who have appeared in the action. The motion for leave to withdraw must be supported by good cause. Failure of the client to pay agreed compensation is not necessarily sufficient to establish good cause.

It also provides that where an attorney represents an organization of any kind, the attorney "must give written notice to the organization of the consequences of its inability to appear pro se." C.D. L.R. 83-2.3.4. This notice requirement is derivative of Local Rule 83-2.2.2, which provides: "No organization or entity of any other kind (including corporations, limited liability corporations, partnerships, limited liability partnerships, unincorporated associations, trusts) may appear in any action or proceeding *unless represented by an attorney* permitted to practice before this Court under L.R. 83-2.1." (emphasis added).

In his declaration, Plaintiffs' counsel testifies that he notified his clients of the Court's prior Order, Maddox's intent to withdraw as counsel, and the Court's position that Mission Creek Band of Mission Indians would be required to retain counsel to continue to prosecute this action. (Decl. of Norberto Cisneros ("Cisneros Decl.") ¶¶ 9–12, ECF No. 78.) He also explains the factual basis for Maddox's withdrawal. (*Id.* ¶ 8 ("These problems with communication include [Maddox's] authority to represent the client(s); though we have attempted to deal with the issue, the client(s) have failed to respond to repeated attempts to resolve, or to respond in any substantive answer").).

Maddox also notes that it advised its clients that certain courts have allowed Indian tribes to appear pro se. *See Fraass Survival Sys. v. Absentee Shawnee Econ. Dev. Auth.*, 817 F. Supp. 7, 10 (S.D.N.Y. 1993) (noting that, "Indian tribal governments and their agencies do not fit well under the general rule against pro se representation by non-individuals for several reasons."). There is conflicting authority on this issue, and none of it is controlling on this Court.

In *Unalachtigo Band of Nanticoke-Lenni Lenape Nation v. New Jersey*, the district court distinguished *Fraass* by noting that, in its case, the Indian tribe was not federally recognized, in contrast to the tribe in *Fraass*. No. CIV. A. 05-5710, 2007 WL 4547501, at *4 (D.N.J. Dec. 17, 2007). Similarly, Mission Creek Band of Mission Indians is not a federally-recognized tribe. This is an issue that the Mission Creek Band of Mission Indians will need to address. However, Maddox has satisfied the Court that it gave its clients proper notice of the consequences of its withdrawal, and that the attorney-client relationship has deteriorated to the point that representation is no longer feasible. Accordingly, the Court **GRANTS** Maddox's Motion (ECF No. 78), but its withdrawal will not be complete until the follow occurs:

1. The Court **ORDERS** Maddox to serve this Order on its clients before **March 9, 2018,** and file a proof of service reflecting the same;
2. Maddox must provide the last known address of its former clients to the Court so that they may be notified of actions in this case in the future; and
3. Maddox's withdrawal will be complete after Plaintiffs' response to the Court's Order to Show Cause, set forth in detail below.

## II. ORDER TO SHOW CAUSE

Like in *Unalachtigo*, Mission Creek Band of Mission Indians is not federally recognized. *See* 2007 WL 4547501, at *4. Indeed, that fact underlies this entire action, in which Mission Creek Band of Mission Indians seeks to obtain recognition by the federal government. In light of this, the reasoning in *Unalachtigo* is

persuasive. *Id.* Accordingly, the Court **ORDERS** Mission Creek Band of Mission Indians to obtain counsel, on, or before, **March 30, 2018**. Alternatively, and to the extent Mission Creek Band of Mission Indians contends it should not be required to obtain counsel, it may **SHOW CAUSE**, in writing and by the same date, why it does not fall within Central District Local Rule 83-2.2.2, and the discussion in *Unalachtigo*. *Id.*

Additionally, the Court **ORDERS** Plaintiffs Tony Lopez, III, Desiree Salinas, and Carlos Salinas (the "Individual Plaintiffs") to either obtain a new attorney or affirmatively indicate to the Court that they intend to proceed pro se no later than **March 30, 2018.**

After Mission Creek Band of Mission Indians and the Individual Plaintiffs comply with this Order, the Court will order the parties to meet and confer and set a revised briefing schedule. Failure to comply with this Order may result in dismissal of this action for failure to prosecute without further notice.

### III. CONCLUSION

For the reasons above, the Court rules, as follows:

1. The Court preliminarily **GRANTS** Maddox's Motion to Withdraw (ECF No. 78);
2. Maddox shall serve this Order on its former clients, provide their last known addresses to the Court, and file a proof of service of the same before **March 9, 2018**;
3. Mission Creek Band of Mission Indians shall obtain new counsel, or **SHOW CAUSE**, in writing, why it should not be required to do so, on, or before, **March 30, 2018**;
4. The Individual Plaintiffs shall obtain new counsel or affirmatively submit to the Court that they intend to proceed pro se, on or before **March 30, 2018**.
5. After March 30, 2018, the Court will evaluate Mission Creek Band of

Indians and the Individual Plaintiffs' submissions, if any, and relieve Maddox as counsel of record, at that time.

**IT IS SO ORDERED.**

March 5, 2018

$_____$
 **OTIS D. WRIGHT, II**
 **UNITED STATES DISTRICT JUDGE**